CHARLES BOSCARINO et al., Appellants, v. SPEAR BOX COMPANY, INC., et al., Respondents.— Order dated July 1, 1944, dismissing the first, second, fifth and sixth causes of action contained in the complaint, upon motion by defendants for summary judgment, modified on the law and the facts by adding after the word " dismissed " in the second ordering paragraph the words " without prejudice to a motion by said plaintiffs for permission to serve an amended complaint." As so modified, said order, insofar as appealed from, is affirmed, without costs. Order dated October 5, 1944, denying motion by plaintiffs for permission to serve an amended complaint, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs, the amended complaint to be served within twenty days from the entry of the order hereon. The original complaint based the claim for overtime upon an alleged collateral agreement made between the Union and the Association. The record upon the motion for summary judgment shows that there never was any such agreement on the subject of overtime. However, that record indicates that there may have been some agreement directly between plaintiffs and defendants on the subject of overtime, to the extent that plaintiffs were to be paid for overtime above forty hours per week at the straight wage rate. Such inference is sustained not only by the affidavits submitted upon the motion but by the time records submitted upon this appeal, which clearly indicate a payment for some overtime on a straight hour basis. Plaintiffs claim that the overtime was not properly computed and that as a part of the overtime agreement they were to receive a bonus which was never paid. Without intimating any opinion upon the accuracy of these claims, it is sufficient to say that plaintiffs should have an opportunity to litigate that issue. The claim of defendants that proof of an oral agreement for a payment for overtime would vary the terms of the written contracts between the Union and the Association and, therefore, would be inadmissible, is not supported by the written agreements themselves. Those agreements provided for a minimum scale of wages and did not purport to establish any maximum; nor did they exclude the right of the parties to make an express agreement for overtime in excess of forty hours per week. In thus disposing of the appeals, we must not be considered as intimating any opinion on the merits of the controversy, which must remain for determination in the course of the litigation. We merely express the conclusion of this court with respect to these particular motions, reached upon the present record. Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.